UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL GARRETT,

        Plaintiff,                                    Case No. 2:12-CV-357

v.                                                        HON. ROBERT HOLMES BELL

MITCH PERRY, et al.,

        Defendants.
_____/

**MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving allegedly deficient medical treatment. Plaintiff filed a motion for preliminary injunction (ECF No. 90). The matter was referred to Magistrate Judge Timothy P. Greeley, who issued a Report and Recommendation (R&R; ECF No. 128), recommending that this Court deny the motion. The matter is presently before the Court on Plaintiff's objections (ECF No. 139) to the R&R. Plaintiff's objections also contain what the Court construes as an appeal to the district judge of Magistrate Judge Greeley's August 6, 2014, Order (ECF No. 129) that denied various pending motions.

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. On appeal, a Magistrate Judge's non-dispositive order may only be set aside if it is clearly erroneous or contrary to law. W.D.Mich. LCivR. 72.3(a). The Court overrules the objections, denies the appeal, and issues this Memorandum Opinion and Order.

"[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*; 28 U.S.C. § 636(b)(1).

Plaintiff's objections, while very general in nature, attack the Magistrate Judge's conclusion that an injunction is not warranted in this case because: (1) he is likely to be successful on the merits, as evidenced by the fact that the Sixth Circuit partially reversed this Court's judgment dismissing Plaintiff's complaint for failure to state a claim; and (2) the public interest is not served by allowing an ongoing constitutional deprivation.

As to Plaintiff's first objection, as the Magistrate Judge noted, the fact that the Sixth Circuit held that Plaintiff *alleged* sufficient facts in his complaint that, when taken as true, state a claim for an Eighth Amendment violation does not mean that Plaintiff is likely to *prove* those facts at trial. The Court agrees, for the reasons stated in the R&R, with the conclusion that Plaintiff does not have a high likelihood of success on the merits, and therefore Plaintiff's objection on this basis will be overruled.

As to Plaintiff's second objection, his argument is predicated on the assumption that he has "plainly proved" that a constitutional deprivation is taking place. As no such proof exists, the Court cannot conclude that the Magistrate Judge was incorrect to conclude that public policy weighs against issuing an injunction. Plaintiff's objection on this basis will likewise be overruled.

As to Plaintiff's appeal to the district judge, Plaintiff argues that the Magistrate Judge's denial of his motion for an independent medical exam is erroneous because "under Michigan's civil law and in this matter an Independent Medical Examination is mandatory by law." (Obj. 5, ECF No.

139.) Plaintiff cites no authority for this proposition, and thus the Court cannot conclude that the Magistrate Judge acted contrary to law. Plaintiff also appeals on the basis that the Magistrate Judge did not make full findings of fact on each motion, as Plaintiff argues is required. A review of the Order shows that the Magistrate Judge justified each denial sufficiently. Plaintiff has failed to show that the Magistrate Judge's findings of fact are clearly erroneous, or that his conclusions are contrary to law. Plaintiff's appeal will therefore be denied.

Finally, Plaintiff requests a hearing in the event his objections are denied. Plaintiff does not state what the purpose of the hearing would be. He does, however, go on to object to "the erroneous terminations of more than several defendants." The defendants that Plaintiff references, however, are those against whom he has failed to state a claim. Plaintiff's final objection will be overruled and his request for a hearing denied.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Objections (ECF No. 139) are **OVERRULED.**

**IT IS FURTHER ORDERED** that Plaintiff's Appeal to the District Judge (ECF No. 139) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's R&R (ECF No. 128) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Magistrate Judge's August 6, 2014 Order (ECF No. 129) is **AFFIRMED**.

Dated: September 2, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE