UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL R. GARRETT,

      Plaintiff,

                                                Case No. 2:12-cv-357

v.

                                                HON. ROBERT HOLMES BELL

MATTHEW SHULLICK,

      Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

On August 27, 2012, Plaintiff Michael R. Garrett filed a complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On October 6, 2015, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") (ECF No. 185), recommending that Defendant Matthew Shullick's motion for summary judgment (ECF No. 168) be granted, and that this case be dismissed in its entirety. Plaintiff did not file a response to Defendant's motion for summary judgment, but has filed objections to the R&R (ECF No. 189).

The Court makes a de novo determination of those portions of a R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

## I.

Plaintiff's complaint originally alleged that he was improperly denied access to legal materials, was retaliated against for filing grievances, and that "NCF Healthcare Staff wrongfully stopped regular daily meds without any requested medical relief from: large painful rash, chest pain, dizziness, painful urinary infrequency and foot infection." (Compl., PageID.6.) The only claim that remains is a claim against Defendant Matthew Shullick, who allegedly violated Plaintiff's Eight Amendment rights when he was deliberately indifferent to Plaintiff's medical needs. The only mention of Shullick in the complaint states:

> On 3-29-12 Nurse Shullick or Med. Staff told Garrett that he was 'stuck' with him, and it's a 1 to 1,000 ratio. Suggesting that Nurse has to see 1,000 other prisoners first. On 3-31-12 Nurse said there was some irregularity on Garrett's E.K.G. and called other Nurse lazy. Moreover, he called Garrett a stupid homosexual. It is unnecessary for N.C.F. staff to complain about their jobs to him, but fail to hear Garrett's medical complaints. Plaintiff did file a grievance about the misconducts on 12-27-11, but it has not stopped."

(*Id.* at PageID.7.)

## II.

The Federal Rules of Civil Procedure require the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating

a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In considering a motion for summary judgment, "the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Martin v. Cincinnati Gas & Elec. Co.*, 561 F.3d 439, 443 (6th Cir. 2009) (citing *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007)). Nevertheless, a "plaintiff must do more than rely merely on the allegations of her pleadings or identify a 'metaphysical doubt' or hypothetical 'plausibility' based on a lack of evidence; [a plaintiff] is obliged to come forward with 'specific facts,' based on 'discovery and disclosure materials on file, and any affidavits[.]'" *Chappell v. City of Cleveland*, 585 F.3d 901, 912 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586-87). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *see generally Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

### III.

**A. Failure to File Response**

Plaintiff's first objection pertains to his failure to respond to Defendant's motion for summary judgment. Plaintiff argues that "excusable neglect" applies because an attorney advised him that it was not necessary to file anything. Even if this were a valid defense, in support of this argument, Plaintiff cites a letter from an attorney who told him

that, as of February 2015, "I do not think it is necessary for you to file anything at this time; assuming you already submitted a response to the defendant's motion for summary judgment." (Fakih Email, ECF No. 189-2, PageID.1085.) The email made clear that Plaintiff should respond to a motion for summary judgment. Further, Defendant Shullick's motion for summary judgment was filed in March 2015, one month after Plaintiff was told it was not necessary to file anything *at this time*. This does not excuse Plaintiff's failure to file a response.

Plaintiff also contends that the magistrate judge's failure to inform him of the deadline to file a response led to Plaintiff's failure to file. In support, Plaintiff cites 28 U.S.C. § 636(b)(1)(C). That statute pertains to notice given by a magistrate judge after issuing a report and recommendation. It imposes no obligation on a magistrate judge to inform a party of the deadline to file a response to the opposing party's motion.

Plaintiff further argues that, even in the absence of his response, Defendant was still required to meet his burden on summary judgment. While Plaintiff is correct, the magistrate judge described in detail the evidence showing that Defendant met his burden. (R&R 4-7, ECF No. 185.)

**B. References to Prior Opinions**

Plaintiff's second and seventh objections argue that the R&R is erroneous "because it repeatedly quotes and/or cites verbatim" a prior opinion issued by this Court, which the Sixth Circuit vacated and remanded. (Objections 4-5, ECF No. 189.) For instance, Plaintiff states:

> The Magistrate judge erroneously relitigates, and modifies accepted "Factual Allegations" of opinion (03-01-2013) at page 2-3. For example opinion 03-01-2013 says "On 03-29-2013, Defendant Shullick told Plaintiff that he was stuck with him and that it's a 1 to 1,000 ratio." However, the same Factual Allegations were erroneously modified in R&R to this error: "Plaintiff alleges that Defendant Shullick or Someone from the medical staff told Plaintiff that he was stuck with him and it's 1 to 1,000." The redundant reiteration with flawed information shows glaring discrepancy, and plaintiff is prejudiced by this error.

(*Id.* at 5.) The language at issue comes directly from Plaintiff's complaint. (ECF No. 1, PageID.7.) The Court finds no error in the magistrate judge's summary of the complaint.

Moreover, Plaintiff's statement in objection seven that "[t]his is the second time U.S. Magistrate Judge Greeley and this court has 'recommended this case be dismissed' for same identical reasons it was reversed by Higher court" (Objections 14) is incorrect. This Court initially recommended dismissal on the ground that Plaintiff's complaint failed to state a claim upon which relief may be granted. (3/1/2013 Op., ECF No. 43.) The R&R recommends dismissal at the summary judgment rather than motion to dismiss stage, and specifically notes that "Plaintiff has not shown that Defendant Shullick acted with deliberate indifference toward any serious medical need that Plaintiff presented." (R&R 7, ECF No. 185.) Plaintiff's failure "to sustain his burden of proof in response to Defendant's motion for summary judgment," (*id.* at 8), is distinguishable from his failure to state a claim upon which relief may be granted.

**C. Medical Treatment**

Plaintiff's third, fourth, and sixth objections concern a disagreement with the R&R's conclusion that Defendant was not deliberately indifferent to Plaintiff's medical

needs. A claim of deliberate indifference under the Eighth Amendment requires both an objective and subjective showing.

The objective component "requires the existence of a 'sufficiently serious' medical need." *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This objective component can be satisfied in one of two ways. First, "a medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (citation omitted). Alternatively, "where the plaintiff's 'deliberate indifference' claim is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *id.*, then the inmate "must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison Cnty. Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires the plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). While a prisoner need not show that "he was literally ignored . . . to prove an Eighth Amendment violation," he must demonstrate that "his serious medical needs were consciously disregarded." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

Moreover, as correctly noted by magistrate judge, the Sixth Circuit "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Under this standard, the Court agrees with the R&R's conclusion that Plaintiff has not shown that Defendant acted with deliberate indifference toward any serious medical need that Plaintiff presented, and that Defendant has shown "that he provided appropriate care for Plaintiff and continued to evaluate and treat Plaintiff's symptoms." (R&R 7.) Plaintiff's objections to the R&R do not convince the Court otherwise.

Plaintiff's third objection argues that the medical records show that his Eighth Amendment rights were violated when Defendant treated Plaintiff's rash. In support of this, Plaintiff notes that Defendant prescribed him Benadryl and that the rash persisted for 47 days. Plaintiff states that his "rash was not resolved by Defendant Shullick," and contends that this shows "a glaring fact of malicious indifference towards plaintiff's serious medical needs." (Objections 6.)

This objection concerns the adequacy of the treatment Plaintiff received, which courts are reluctant to second guess. *Westlake*, 537 F.2d at 860 n.5. Defendant has presented evidence showing that on October 25, 2011, after the Benadryl he prescribed

Plaintiff was found ineffective, he then prescribed Prednisone, an anti-inflammatory medication. He also instructed Plaintiff to return to the healthcare department if the Prednisone was ineffective. (Shullick Aff. ¶ 7, ECF No. 168-1; Medical Records 5-6, ECF No. 170, PageID.928-29.) Plaintiff's medical records show that the rash had "resolved," and that Plaintiff was "doing well" as of November 12, 2011. (Medical Records 7, PageID.930.) As of December 1, 2011, Plaintiff had "denie[d] further issues with skin rash at present." (*Id.* at PageID.932.) On December 3, 2011, it was noted that Plaintiff's "rash on body is nearly resolved after Prednisone." (*Id.* at PageID.938.) Contrary to Plaintiff's assertions, the evidence presented by Defendant demonstrates that, after Benadryl was found ineffective, Defendant prescribed a different medicine, and that this medicine worked. There is no indication that Defendant disregarded Plaintiff's medical needs while treating his rash.

      Plaintiff's fourth objection contends that the long delays in treatment show deliberate indifference to Plaintiff's medical needs. Plaintiff notes that he was treated late at night numerous times, and that he was required to wait 12 hours from the time he submitted a medical kite to the time he was treated on one occasion. (Objections 9.) There is no indication in the record that Defendant Shullick was responsible for any delay in treatment. And even if he were, "'an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed.'"

8

*Napier*, 238 F.3d at 742 (quoting *Hill v. Dekalb Reg'l Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Plaintiff has not done so.

Plaintiff's sixth objection alleges that the R&R improperly speculates about Plaintiff's medical condition. The Court disagrees. The R&R summarizes and describes the medical records created by prison medical officials. The conclusions that the R&R and this Court have arrived at are not based on speculation, but rather on the evidence submitted by the parties.

**D. Bias**

Plaintiff's fifth objection alleges that the R&R was biased in favor of Defendant. The Court has reviewed the R&R and finds no evidence of bias. Accordingly, this objection will be rejected.

**E. Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (internal quotation marks omitted). The Sixth Circuit has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a

reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Upon review, the Court finds that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.

## IV.

Plaintiff has also filed a motion for extension of time to file supplemental objections, a motion for relief from local court rules, a motion for order to stop Defendant's interference, and a motion to supplement his objections.

Plaintiff's motion for extension of time to file supplemental objections (ECF No. 190) will be denied. The R&R was filed on October 6, 2015. The R&R stated that the parties must respond within 14 days. The Court has already granted one motion for extension of time in this matter, and allowed Plaintiff until November 23, 2015 to respond. (Order, ECF No. 188.) Plaintiff provides no reason why the Court should extend the deadline further. Because the Court denies this motion, Plaintiff's later-filed motion to supplement (ECF No. 194), which contained additional objections filed past the Court-imposed deadline, will also be denied.

Plaintiff's motion for relief from local court rules (ECF No. 191) contends that he did not respond to Defendant's motion for summary judgment because he received bad legal advice, and seeks leave to respond. The Court disagrees with Plaintiff's contention that he received bad legal advice. As stated above, the legal advice Plaintiff references stated that it was not necessary to file anything in February 2015, assuming he already submitted a response to Defendant's motion for summary judgment. It did not advise

Plaintiff to refrain from responding to Defendant's motion for summary judgment. Accordingly, this motion will be denied.

Plaintiff also asks that this Court "stop the defendant's interference of plaintiff to pursue his legal claims in this civil action." (ECF No. 193.) Because Plaintiff has failed to allege how Defendant Shullick has interfered with his ability to proceed in this matter, and because this Opinion disposes of Plaintiff's case, this motion will be denied.

## V.

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Magistrate Judge's October 6, 2015 Report and Recommendation (ECF No. 185) is **APPROVED and ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (ECF No. 168) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 189) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions in this case (ECF Nos. 190, 191, 193, 194) are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Judgment will enter consistent with this Opinion.

Dated: March 16, 2016                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE